UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-2630-KK-SPx** | Date: | February 26, 2025 |
| Title: | *Cecilia Madrigal et al. v. Garfield Beach CVS, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order DENYING Plaintiffs' Motion to Remand [Dkt. 15]

## I.
## INTRODUCTION

On July 30, 2024, plaintiffs Cecilia and Manuel Madrigal[1] (collectively, "Plaintiffs") filed a Complaint against defendant Garfield Beach CVS, LLC ("Defendant") and Does 1-50 in the Superior Court of California, Riverside County, arising from allegations plaintiff Cecilia sustained injuries while shopping at Defendant's store.  ECF Docket No. ("Dkt.") 1-1, Ex. A, Complaint ("Compl.").  On December 11, 2024, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Dkt. 1.  On January 23, 2025, Plaintiffs filed the instant Motion to Remand ("Motion").  Dkt. 15.

The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); L.R. 7-15.  For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion.

## II.
## BACKGROUND

On July 30, 2024, Plaintiffs filed a Complaint against Defendant alleging the following claims: (1) negligence and (2) loss of consortium.  Compl.  The claims arise from allegations plaintiff

---

[1] In order to differentiate between plaintiffs Cecilia and Manuel Madrigal, the Court will refer to them by their first names.

Cecilia sustained injuries after falling over a display pallet while shopping at Defendant's store.  Id. ¶ 5.

On September 6, 2024, Defendant filed an Answer to the Complaint.  Dkt. 1-1, Ex. B.

On December 11, 2024, Defendant filed a Notice of Removal.  Dkt. 1.  Defendant argues removal is proper because Plaintiffs and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.  Id.

On January 23, 2025, Plaintiffs filed the instant Motion.  Dkt. 15.  Plaintiffs argue the matter should be remanded because Defendant failed to file the Notice of Removal within the requisite 30-day period.  Id. at 4-7.

On February 6, 2025, Defendant filed an Opposition to the Motion.  Dkt. 18.  Defendant argues (1) the Motion is procedurally defective because Plaintiffs failed to meet and confer with Defendant before filing the Motion as required by Local Rule 7-3; (2) the Motion is untimely; and (3) the Motion fails to comply with Local Rule 11-6.2 as it does not include a Certificate of Compliance.[2]  Id. at 5-10.

Plaintiffs did not file a Reply in support of the Motion.

This matter, thus, stands submitted.

### III.
### LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties, and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; see also Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to establish that removal is proper, and any doubt is resolved against removability."  Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

///

///

///

///

---

[2] While the Court will consider the Motion on the merits, Plaintiffs are specifically warned that future violations of the Local Rules will result in the pleading being stricken and/or sanctions.

## IV.
## DISCUSSION

### A. THE COURT CHOOSES TO EXERCISE ITS DISCRETION TO CONSIDER THE MOTION TO REMAND ON ITS MERITS

#### 1. Applicable Law

Under 28 U.S.C. § 1447(c), a plaintiff must move to remand within 30 days after notice of removal is filed in federal district court. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). However, a court has discretion to consider an untimely motion to remand where the party's failure to act in a timely manner was the result of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[Federal Rule of Civil Procedure 6(b)(1)(B)], like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) (cleaned up).

#### 2. Analysis

Here, the Court finds Plaintiffs' untimely Motion is the result of excusable neglect. Plaintiffs initially filed a motion to remand on January 10, 2025, 30 days after the Notice of Removal was filed and compliant with 28 U.S.C. § 1447(c). Dkt. 9. However, on January 16, 2025, the Court struck the initial motion due to incorrect hearing information. Dkt. 11. Plaintiffs refiled the motion to remand on January 16, 2025, 36 days after the Notice of Removal was filed. Dkt. 12. Once again, on January 21, 2025, the Court struck the motion for incorrect hearing information. Dkt. 14. Plaintiffs subsequently filed the instant Motion, with properly noticed hearing information, on January 23, 2025, 43 days after the Notice of Removal. Dkt. 15. Under these circumstances, where Plaintiffs attempted to file a motion to remand at an earlier date within the 30-day window, the Court exercises its discretion to consider the Motion on its merits. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 381 (1993) ("Congress plainly contemplated that the courts would be permitted to accept late filings caused by inadvertence, mistake, or carelessness."); see also Heath v. Google Inc., No. 15-CV-01824-BLF, 2016 WL 4729300, at *3 (N.D. Cal. Sept. 12, 2016) (finding excusable neglect where plaintiffs failed to file their motion in a timely manner).

### B. DEFENDANT HAS COMPLIED WITH THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446

#### 1. Applicable Law

Pursuant to 28 U.S.C. § 1446(b)(1), a defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. Alternatively, if the basis for removal is not clear on the face of the complaint, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or

has become removable." 28 U.S.C. § 1446(b)(3).  "[A]n amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain" to trigger § 1446(b)(3)'s 30-day deadline.  Dietrich v. Boeing Co., 14 F.4th 1089, 1095 (9th Cir. 2021).  "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).

**2.  Analysis**

As a preliminary matter, the parties are not contesting whether diversity jurisdiction exists, but rather whether Defendant filed its Notice of Removal within 30 days of learning the case was removable pursuant to 28 U.S.C. § 1446.

Plaintiffs argue Defendant's Notice of Removal is untimely because by October 9, 2024, Defendant (1) was notified of Plaintiffs' residency[3] through multiple avenues, including the Form Interrogatory Responses and Defendant's pharmacy records, and (2) should have reasoned the amount in controversy was at least $75,000 because "Plaintiff filed an unlimited case in Superior Court, where the amount of damages a Plaintiff may claim is virtually infinite."  Dkt. 15 at 6-7.  However, contrary to Plaintiffs' argument, based on the Complaint and Plaintiffs' Form Interrogatory Responses, Defendant only knew (1) Plaintiffs were residents of California, and (2) plaintiff Cecilia alleged she incurred $24,088.45 total in past medical bills.  See dkt. 1-1, Ex. A; dkt. 18-1, Ex. C.  Thus, as of October 9, 2024, it was not "unequivocally clear and certain" Defendant had grounds for removal; therefore, the removal clock did not start.

It was not until Plaintiffs served their Statements of Damages on Defendant on November 15, 2024, where plaintiff Cecilia seeks $899,083.45 in damages, and plaintiff Manuel seeks $200,000 in damages, that it became "unequivocally clear and certain" Defendant had grounds for removal based on diversity jurisdiction.  See dkt. 18-1, Exs. E-F.  At that point, the removal clock commenced, and Defendant had 30 days from November 15, 2024, which was Monday, December 16, 2024,[4] to file its Notice of Removal.  Dietrich, 14 F.4th at 1095.  Defendant filed the Notice of Removal on December 11, 2024, well within the 30-day window, and thus was timely under 28 U.S.C. § 1446.  See Vasquez v. McLane Foodservice, Inc., No. CV 21-9952-MWF-KSx, 2022 WL 705336, at *2 (C.D. Cal. Mar. 8, 2022) (finding removal was timely after defendant received plaintiff's interrogatory responses verifying the damages sought exceeded $75,000).

Accordingly, Defendant has complied with the procedural requirements for removal pursuant to 28 U.S.C. § 1446 and has met its burden for removal.

///

---

[3] Based on the Motion, Plaintiffs seem to conflate residency and citizenship, which for removal purposes is not the same.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) ("[A] natural person's state citizenship is [] determined by her state of domicile, not her state of residence.").

[4] The 30-day deadline falls on Sunday, December 15, 2024, so Defendant had until Monday, December 16, 2024 to file its Notice of Removal.

## V.
## CONCLUSION

For the foregoing reasons, the Court finds Defendant has met its burden for removal. Accordingly, Plaintiffs' Motion to Remand is **DENIED**.

**IT IS SO ORDERED**.